UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

BIRMINGHAM DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>           Plaintiff,<br><br>    v.<br><br>M & B TRUCK CENTER, LLC,<br>M & B TRUCK CENTER, LLC<br>401(K) RETIREMENT PLAN, BRIAN<br>ALLSMILLER, STEPHEN L. VANCE,<br>And DWAYNE A. BUSH,<br><br>           Defendants. | FILE NO.<br><br>_____<br><br><br><br><br><br><br><br><br><br><u>C O M P L A I N T</u><br>**(Injunctive Relief Sought)** |

Plaintiff **THOMAS E. PEREZ**, Secretary of Labor, **UNITED STATES DEPARTMENT OF LABOR** ("the Secretary") alleges as follows:

1.  This cause of action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, <u>et</u> <u>seq.</u>, and is brought to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain other appropriate equitable relief to redress

violations and enforce the provisions of that Title pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5).

  2. Jurisdiction hereof is conferred upon the Court by § 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

  3. Venue of this action lies in the Northern District of Alabama pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

  4. The **M & B Truck Center, LLC 401(k) Retirement Plan** ("the Plan") is a single-employer employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

  5. Defendant **M & B Truck Center, LLC** (the "Company") is or was at all times relevant to this action the named Employer, Plan Sponsor, and Plan Administrator for the Plan.  Accordingly, the Company is therefore a "fiduciary" within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14)(A) and (C).

6. Defendant **Brian Allsmiller** ("Allsmiller") was a 50% owner of the Company on April 22, 2008 until July 15, 2010, and was, at all relevant times, a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).  Upon information and belief, Allsmiller resides at 1221 Old Hickory Boulevard, Brentwood, Tennessee 37027.

7. Defendant **Stephen L. Vance** ("Vance") was a 50% owner of the Company from January 2008 to April 2008, and was, at all relevant times, a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).  Upon information and belief, Vance resides at 1600 Shades Cliff Road, Jasper, Alabama 35504.

8. Defendant **Dwayne A. Bush** ("Bush") was a 50% owner of the Company from January 2008 until July 15, 2010, and was, at all relevant times, a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).  Upon

information and belief, Bush resides at 1267 Highland Lakes Trail, Birmingham, Alabama 35242.

9. According to the corporate records on file with the Alabama Secretary of State, the Company's registered agent is or was Stephen L. Vance, 13870 Alabama Highway 20, Madison, Alabama 35756.

10. The Plan was established by the Company on June 1, 2005.

11. The Plan is or was a defined contribution 401(k) profit sharing plan in which contributions were automatically withheld from eligible employees' compensation.

12. As owners and management of the Company, Defendants Allsmiller, Vance, and Bush were person with authority and discretion to manage and control assets of the Plan.

13. Pursuant to DOL Regulation at 29 C.F.R. § 2510.3-102(a)(1), employee contributions become assets of the Plan as soon as they can reasonably be segregated from the assets of the employer.

14. Between January 2, 2008 and October 7, 2009, Defendants withheld employee contributions to the Plan in the amount of $32,713.41,

failed to segregate the contributions from the Company's assets as soon as they reasonably could do so, and failed to forward them to the Plan in accordance with ERISA and the governing Plan documents.

15. Defendants the Company, Allsmiller, Vance, and Bush have breached their fiduciary obligations by failing to discharge their duties with respect to the Plan solely in the interest of the Plan participants and beneficiaries, for the exclusive purpose of providing benefits and defraying reasonable expenses of plan administration, with the requisite degree of care, skill and prudence, and in accordance with the documents and instruments governing the Plan, in violation of §§ 404(a)(1)(A) and (B) of ERISA, 29 U.S.C. §§ 1104(a)(1)(A) and (B), by, among other things, failing to ensure that participant contributions were timely remitted to the Plan, failing to remit all participant contributions to the Plan, and failing to administer the Plan in a prudent manner.

16. Defendants the Company, Allsmiller, Vance, and Bush have caused the Company to retain the use of unremitted participant contributions as described in paragraphs 9-14 above, which they knew or should have known constituted a direct or indirect transfer of Plan assets to

or use for the benefit of the Company, a party in interest, in violation of § 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D).

17. Defendants the Company, Allsmiller, Vance, and Bush have dealt with the assets of the Plan in their own interest and for their own account by engaging in the transactions described in paragraphs 9-14 above, in violation of § 406(b)(1) & (2) of ERISA, 29 U.S.C. § 1106(b)(1) & (2), by, among other things, causing the Company to retain the use of unremitted participant contributions for its daily business operations.

18. By the actions described above in paragraphs 9-14 above, Defendants failed to ensure that the assets of the Plan did not inure to the benefit of the Company, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

19. Defendants have failed to take action to restore to the Plan the full amount of the un-remitted contributions plus lost interest that would have accrued but for the actions described in the preceding paragraphs.

20. Defendants are each liable for the breaches of the other, pursuant to § 405(a) of ERISA, 29 U.S.C. § 1105(a), in that they either (1)

participated knowingly in an act of the other fiduciary, knowing such act was a breach, in violation of § 405(a)(1) or ERISA, 29 U.S.C. § 1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of § 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); or (3) had knowledge of a breach by the other fiduciary and failed to make reasonable efforts under the circumstances to remedy the breach, in violation of § 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

WHEREFORE, pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

A.  Appoint a successor fiduciary or administrator, at Defendants' expense;

B.  Order that the Plan set off the individual Plan accounts of any Defendants against the amount of losses, including lost opportunity costs, resulting from their fiduciary breaches, as authorized by § 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4)), if the losses are not otherwise restored to the Plan by the Defendants and reallocated to the non-breaching participants;

C. Permanently enjoin Defendants from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, representative, or having control over the assets of any employee benefit plan subject to ERISA;

D. Enjoin Defendants from engaging in any further violations of Title I of ERISA;

E. Order Defendants, jointly and severally, to restore to the Plan all losses, including lost earnings and interest, which occurred as a result of the breaches of their fiduciary obligations;

F. Award Plaintiff the costs of this action; and

G. Provide such other relief as may be just and equitable.

| | |
|---|---|
| <u>ADDRESS</u>: | M. PATRICIA SMITH<br>Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT M. LEWIS, JR.<br>Counsel |
| Telephone:<br> (404) 302-5439<br> (404) 302-5438 (FAX)<br>Email:<br>mceckron.brooke@dol.gov<br>ATL.FEDCOURT@dol.gov (Primary) | By: */s/Brooke D. Werner McEckron*<br>     BROOKE D. WERNER MCECKRON<br>     Attorney<br>     Georgia Bar Number 302528<br><br>Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiff |
| SOL Case No. 13-00430 | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2013, I electronically filed a Complaint with the Clerk of Court using the CM/ECF system, and the following CM/ECF Participants, and I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>Jamie Wilson, Esq.
>jwilson@bcattys.com
>
>Kevin Heard
>kheard@heardlaw.com
>
>Dan E. Huffstutter, Esq.
>1211 16th Avenue South
>Nashville, Tennessee 37212
>dhuffstutter@comcast.net

>*/s/ Brooke D. Werner McEckron*
>BROOKE D. WERENER MCECKRON
>Attorney